FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2006 OCT 10  PM 3: 29

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KAREEM PERRY,

        Plaintiff,

    -v-

DOCS COMMISSIONER GLENN GOORD, et al.,

        Defendants.

06-CV-0447E

MEMORANDUM and ORDER

---

## INTRODUCTION

On July 6, 2006, plaintiff filed a Declaration in support of a request for an *ex parte* motion for a temporary restraining order and preliminary injunction requesting an immediate transfer to another correctional facility because his cooperation with the New York State Department of Correctional Services had become public knowledge within the Elmira Correctional Facility and that, as a result, he had been assaulted by another inmate. He claimed that the defendants were unable to protect him at Elmira. (Docket No. 1). Because plaintiff had not filed a either a formal complaint or motion for a temporary restraining order and preliminary injunction, the Court directed that the Declaration be construed as both a complaint and motion for a temporary restraining order and preliminary injunction. (Docket No. 3). The Court denied plaintiff's motion for a temporary restraining order but, because of the potentially serious nature of the allegations, it directed the Clerk of the Court to forward a copy of the Declaration and the Court's Memorandum and Order to the New York State Attorney General's Office, directed the defendants to file a response to plaintiff's motion for a preliminary injunction within 20 days of service of the summons

and complaint on them and directed the Clerk of the Court to cause the U.S. Marshals Service to serve the summons and complaint on the defendants as soon as possible.

On August 11 and 16, 2006, plaintiff filed an amended complaint and second amended complaint, respectively (Docket Nos 6 and 7), and the Court then directed the Clerk of the Court to cause the U.S. Marshals Service to serve the summons, amended complaint, and second amended complaint on the named defendants and the New York State Attorney General's Office. On August 22, 2006, Assistant Attorney General Peter B. Sullivan filed a Declaration in opposition to plaintiff's motion for a temporary restraining order and preliminary injunction in which he argued, *inter alia*, that plaintiff had not filed a grievance relating to the assault and request for a transfer or placement in protective custody prior to filing this action and that plaintiff was presently on keeplock status due to disciplinary violations and, therefore, was not in regular physical contact with other inmates and not in any immediate danger of being assaulted by other inmates. (Docket No. 12). Because plaintiff had failed to exhaust his administrative remedies before filing suit and was not in any present physical danger, defendants submitted that the motion for a preliminary injunction should be denied inasmuch as plaintiff could not establish a likelihood of success on the merits.

On September 8, 2006, plaintiff filed a motion to stay the instant action or hold it in abeyance until he was able to complete the internal grievance mechanisms at Elmira. (Docket No. 17). For the following reasons, this action must be dismissed without

2

prejudice based on plaintiff's admitted failure to exhaust internal administrative remedies.[1] See 42 U.S.C. § 1997e(a).

## DISCUSSION

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "This requirement applies even to suits seeking relief such as money damages, that may not be available in prison administrative proceedings, as long as other forms of relief are obtainable through administrative channels." Pendergrass v. Sanney, 2004 WL 1946458, at *1 (W.D.N.Y. Aug. 18, 2004) (citing Booth v. Churner, 532 U.S. 731 (2001)).

The PLRA requires dismissal of any unexhausted inmate claims brought under § 1983. See, e.g., Nunez v. Hasty, 2006 WL 2589254, at *4 (E.D.N.Y., Sep 08, 2006) ("Failure to comply with and exhaust administrative remedies prior to commencing a civil rights action generally requires the dismissal of such an action without prejudice.") (citing Neal v. Goord, 267 F.3d 116 (2d Cir.2001), overruled on other grounds by Porter, 534 U.S. 516)). While it is oftentimes a matter of dispute whether or not the plaintiff has exhausted

---

[1] Based on the dismissal of this action, the referral to United States Magistrate Judge Hugh B. Scott is hereby vacated.

3

his administrative remedies, see Pendergrass, 2004 WL 1946458, at *2, plaintiff candidly admits herein that he has not completed the internal administrative remedies available to him and that he is aware that he cannot pursue his claims until he has exhausted his internal grievance procedures. (Docket No. 17).²

While plaintiff maintains he is entitled to a stay of this action pending exhaustion of the internal grievance procedures available to him, it is clear that if an inmate fails to exhaust his administrative remedies prior to bringing suit the unexhausted claims must be dismissed. See Neal, 267 F.3d at 117-18, 121-22; see also Vasquez v. Hasty, 2005 WL 2271937, *4 (E.D.N.Y., Aug 30, 2005) ("It is well-settled that under the PLRA, a prisoner must exhaust administrative remedies before bringing his claim in federal court.") (citing Neal, 267 F.3d at 117-18); Jackson v. Goord, 2004 WL 1774251 (S.D.N.Y., Aug. 9, 2004) ([T]he Neal, [267 F.3d at 121-22] decision makes clear that a court cannot suspend an action pending exhaustion of administrative remedies and, in fact, must dismiss a complaint that was filed before administrative remedies were exhausted."); see generally Porter, 534 U.S. at 524 (stating that in cases brought under the PLRA, "exhaustion is a prerequisite to suit").

---

² In Hemphill v. New York, 380 F.3d 680 (2d Cir.2004), the Second Circuit reaffirmed that the district courts should follow a three-part inquiry in appropriate cases where an inmate plaintiff seeks to oppose defendants' contention that the inmate has failed to exhaust his available administrative remedies. Depending on the inmate's proffered reason for the alleged failure to exhaust, the court must inquire whether administrative remedies were in fact "available" to the prisoner. The court also needs to ask whether the defendants may have forfeited the affirmative defense by failing to raise or preserve it, or whether the defendants' own actions may have inhibited the inmate's exhaustion of remedies thereby estopping defendants from raising exhaustion as a defense. Hemphill, 380 F.3d at 686(citing Ziemba v. Wezner, 366 F.3d 161, 163 (2dCir.2004)). If the court finds that administrative remedies were available to plaintiff, and that the defendants are not estopped from raising exhaustion as a defense and have not forfeited the defense, but that the plaintiff nevertheless failed to exhaust his available remedies, the court should then consider whether "special circumstances" have been colorably alleged that excuse "the prisoner's failure to coply with administrative procedural requirements." Hemphill, 2004 WL 1842658 at *5. See also Pendergrass, 2004 WL 1946458, at *2 (summarizing the holding of Hemphill).

Because it is clear that an inmate cannot bring a claim relating to prison conditions without first exhausting the administrative remedies available and because plaintiff candidly admits he has not exhausted his administrative remedies, the Court must dismiss this action without prejudice. Plaintiff is simply not entitled to a stay of this proceeding pending exhaustion.

## CONCLUSION

Due to the fact that plaintiff did not exhaust his administrative remedies prior to filing this action, this action must dismissed without prejudice and his motion for a stay (Docket No. 17) must be denied. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion for a stay is denied (Docket No. 17);

FURTHER, that this action is dismissed without prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

DATED:   Buffalo, New York
         September 29, 2006

*John T. Elfvin*
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE